[Cite as *IH Credit Union v. Grimes*, 2026-Ohio-2561.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SHELBY COUNTY

IH CREDIT UNION,

    PLAINTIFF-APPELLEE,

  v.

ANTHONY S. GRIMES,

    DEFENDANT-APPELLANT.

CASE NO. 17-26-08

OPINION AND
JUDGMENT ENTRY

Appeal from Sidney Municipal Court
Trial Court No. 25CVF01047

Judgment Affirmed

Date of Decision: July 6, 2026

APPEARANCES:

    *Anthony S. Grimes* Appellant

    *Allen Reis* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Anthony S. Grimes ("Grimes"), brings this appeal from the March 19, 2026 judgment of the Sidney Municipal Court. On appeal, Grimes argues that the trial court erred by granting summary judgment in favor of plaintiff-appellee, IH Credit Union ("IHCU"). For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On November 15, 2018, Grimes entered into a contract for the purchase of a Nissan Altima. The contract was assigned to IHCU, which financed the purchase. The contract required payments of $331.30 for a period of 48 months beginning December 30, 2018.

{¶3} For eight months, Grimes made payments to IHCU on the vehicle as scheduled. After those initial eight months of consistent payments, Grimes became more erratic in making his payments. Beginning in 2020, Grimes made only a handful of payments at or above the contractual payment amount. Grimes's last credited payment on the vehicle was on April 21, 2021, in the amount of $5.

{¶4} On September 29, 2025, IHCU filed a "Complaint for Money" against Grimes in the Sidney Municipal Court. IHCU alleged that Grimes defaulted under the terms of the agreement. IHCU alleged that the remaining balance on Grimes's loan was $6,256.14 with accrued interest of $3,902.04. The sales contract

specifically called for an interest rate of 11.79%. IHCU attached a copy of the sales contract and a copy of the payment history of Grimes.

{¶5} On October 15, 2025, Grimes filed an answer, *pro se*, admitting that he executed the retail installment contract, but denying that IHCU was the lawful owner of the contract. Grimes also admitted that he made payments under the contract until "approximately the time of his arrest and incarceration." (Doc. No. 5). He argued he did not refuse to pay and that any missed payments were the result of circumstances beyond his control.

{¶6} On November 19, 2025, IHCU filed a motion for summary judgment arguing that Grimes had effectively admitted that he owed IHCU the money. IHCU attached an affidavit to its motion for summary judgment from an IHCU custodian of records indicating Grimes was in default.

{¶7} After Grimes did not respond to IHCU's motion for summary judgment, the trial court summarily granted IHCU's motion. However, Grimes filed a Civ.R. 60(b) motion alleging that he had not been served with the motion for summary judgment. IHCU agreed with Grimes's motion, indicating Grimes had not been served with the motion for summary judgment. On January 29, 2026, the trial court filed an entry granting Grimes relief from judgment and providing him 28 days to respond to IHCU's motion for summary judgment.

{¶8} Grimes did file a responsive pleading to IHCU's summary judgment motion, arguing that IHCU had not provided a complete accounting and arguing

that the affidavit contained conclusory statements about the amount Grimes owed. Further, Grimes claimed that his vehicle had been repossessed and IHCU had not provided a date of disposition or a sale price. Although Grimes made numerous claims in his responsive pleading, he did not include any actual evidence or even an affidavit to support his position.

{¶9} IHCU filed a reply in support of its motion for summary judgment indicating IHCU had not repossessed Grimes's vehicle, so there had been no sale of Grimes's vehicle. IHCU reiterated that it had attached the full accounting details of Grimes's account, including the last transaction, which was the $5 payment.

{¶10} On March 19, 2026, the trial court filed a final judgment entry granting summary judgment to IHCU. It is from this judgment that Grimes appeals, asserting the following assignments of error for our review.

### First Assignment of Error

**The trial court erred in granting summary judgment where genuine issues of material fact exist.**

### Second Assignment of Error

**The trial court erred in granting summary judgment where Plaintiff failed to meet its initial burden under Civ.R. 56 and Dresher v. Burt.**

{¶11} As both assignments of error largely address the same issues, we will address the assignments of error together.

*First and Second Assignments of Error*

**{¶12}** In Grimes's assignments of error, he argues that the trial court erred by granting summary judgment in favor of IHCU.[1]

Standard of Review

**{¶13}** Appellate courts conduct a de novo review of trial court decisions granting a motion for summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Thus, this Court must conduct an independent review of the evidence and arguments that were before the trial court without deference to the trial court's decision. *Tharp v. Whirlpool Corp.*, 2018-Ohio-1344, ¶ 23 (3d Dist.).

**{¶14}** Civ.R. 56(C) provides, in relevant part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

**{¶15}** "When seeking summary judgment on grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential

---

[1] Grimes is proceeding pro se in his appeal, and his brief is, at best, minimally compliant with the appellate rules. His brief is primarily a collection of bullet points with no supporting arguments and minimal legal authority.

element of the non-moving party's claims." *Lundeen v. Graff*, 2015–Ohio–4462, ¶ 11 (10th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial." *Id*., citing *Dresher* at 293.

{¶16} "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 604 (1992). "Nevertheless, summary judgment is appropriate where a [party] fails to produce evidence supporting the essentials of its claim." *Id*., citing *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108 (1991), paragraph three of the syllabus.

Analysis

{¶17} It is undisputed that Grimes entered into a retail installment contract and security agreement on November 15, 2018. The evidence presented by IHCU established that Grimes defaulted on making his payments and that the outstanding balance was $6,256.14. IHCU indicated that at the contractually agreed 11.79% interest, Grimes owed an additional $3,902.04. IHCU supported its summary judgment motion with a printout of Grimes's payment history, a copy of the sales contract, and an affidavit from a "duly authorized representative and keeper of the records" for IHCU.

{¶18} Given the documentation that was produced, IHCU met its initial burden to establish that it was entitled to summary judgment in this matter. The burden then shifted to Grimes under, *e.g. Dresher v. Burt*, *supra*, to establish that a genuine issue of material fact existed and that IHCU was not entitled to judgment as a matter of law.

{¶19} In his responsive memorandum, Grimes made multiple claims, but he provided no actual evidence to undermine IHCU's position. Grimes did not produce any documentation disputing the amount that he owed or to whom it was owed. Generally, unsupported conclusory assertions are not sufficient to meet the nomovant's burden to set forth specific facts to show that a genuine issue of material fact exists. *Knab v. Washington Cnty. Bd. of Commrs.*, 2024-Ohio-1569, ¶ 40 (4th Dist.). Further, it is well-settled "that resting on mere allegations against a motion for summary judgment . . . is insufficient." *Jackson v. Alert Fire and Safety Equipment, Inc*. 58 Ohio St.3d 48, 52 (1991). Thus, Grimes presented no evidence whatsoever contradicting IHCU's case.

{¶20} Grimes argues on appeal that his car was repossessed by IHCU and IHCU never provided any documentation of disposition. IHCU contends in its brief that it had attempted to repossess the subject vehicle on a prior occasion, but was unable to do so. However, IHCU stated in its brief that it had acquired "Collateral Protection Insurance" to protect its interest in the vehicle it could not locate, and the insurer paid proceeds pursuant to the policy in the amount of $3,862.50. IHCU

indicated that the amount received from the insurer was taken and used to reduce Grimes's balance. This is reflected on the accounting provided.

**{¶21}** IHCU claims in its brief that the insurer "independently located and took possession of the vehicle pursuant to its own contractual and subrogation rights," thus any claims Grimes made regarding repossession were attacking the wrong party. Both parties' arguments regarding repossession of the vehicle are based entirely on their arguments in their appellate briefs rather than the actual evidence that was in the record before the trial court. We have no evidence in the record before us of repossession of the vehicle by *any* person or entity or any subsequent sale of the vehicle. Thus any arguments related to repossession are not well-taken because they are unsupported by actual evidence in the record. *See Fifth Third v. Martinez*, 2025-Ohio-1893, ¶ 14 (3d Dist.).

**{¶22}** In this case the trial court was presented evidence of a contractual agreement, a default on that agreement, and the amount owed pursuant to an account history and a contractually-agreed upon interest rate. Grimes has presented nothing of evidentiary value to contradict IHCU's case, thus we do not find that the trial court erred by granting summary judgment in favor of IHCU. For these reasons, Grimes's first and second assignments of error are overruled.

*Conclusion*

**{¶23}** Having found no error prejudicial to Grimes in the particulars assigned and argued, his assignments of error are overruled and the judgment of the Sidney Municipal Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

 

Juergen A. Waldick, Judge

 

William R. Zimmerman, Judge

 

John R. Willamowski, Judge

DATED:
/jlm